IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PHILLIP LITTLES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | NO. 3:11-CV-424 |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

### OPINION AND ORDER

This matter is before the Court on the amended Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Phillip Littles, a *pro se* prisoner, on December 8, 2011. For the reasons set forth below, the Court **DISMISSES** this habeas corpus petition because it is untimely and **DENIES** a certificate of appealability.

BACKGROUND

Phillip Littles is challenging his conviction and 50 year sentence for Murder by the St. Joseph Superior Court under cause number 71D08-0412-FA-00119 on February 29, 2008. Littles did not file a direct appeal. On January 5, 2009, he filed a post-conviction relief petition which was denied on May 7, 2010. He did not appeal the denial of that petition.

DISCUSSION

Pursuant to 2254 Habeas Corpus Rule 4, the Court must review a habeas corpus petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . .." Because this petition is untimely, it must be dismissed.

Habeas Corpus petitions are subject to a strict one year statute of limitations.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The statute provides four possible dates from which the limitation period begins to run. In response to Question 16, Littles gives no indication that state action prevented him from filing this habeas corpus petition sooner. Therefore § 2244(d)(1)(B) is inapplicable. Neither does he assert that any of his grounds for relief are based on a newly recognized Constitutional right nor newly discovered evidence. Nor are any of his grounds based on such claims. Therefore §§ 2244(d)(1)(C) and (D) are also inapplicable. Therefore, pursuant to § 2244(d)(1)(A), the 1-year period of limitation began when Littles' judgment became final upon the expiration of the time for seeking direct review.

Here, Littles was sentenced on February 29, 2008. He did not take a direct appeal and the deadline for doing so expired on March 31, 2008. *See* Indiana Rules of Appellate Procedure 9.A.(1) and 25. Thus the first day of the 1-year period of limitation began on April 1, 2008. When Littles filed his post-conviction relief petition on January 5, 2009, that tolled the 1-year period of limitation, but by that time, 279 days had elapsed – leaving only 86 days. When the post-conviction relief petition was denied on May 7, 2010, the 1-year period of limitation continued with the 280th day on May 8, 2010. The deadline expired on August 1, 2010, but because that was a Sunday, he had until on August 2, 2010, to file a habeas corpus petition. *See* Federal Rule of Civil Procedure 6(a)(1)(C). This petition was not signed until more than a year

3

later on December 4, 2011. Therefore it is untimely and must be dismissed.

Littles also states that he initiated two other proceedings (one in state court and one in federal court) after the 1-year period of limitation expired. Because the deadline had already passed, neither of those proceedings could toll the clock because it had already run out. Nevertheless, even if they had been filed before the deadline, neither would have tolled the 1-year period of limitation. The state court proceeding would not have done so because a motion to modify sentence is not a collateral attack for purposes of § 2244(d)(2). *See Price v. Pierce*, 617 F.3d 947, 950 (7th Cir. 2010) (describing types of state court collateral review procedures that qualify for tolling under Section 2244(d)(2)). The federal court proceeding would not have done so because it was not a state court proceeding as required by § 2244(d)(2).

Finally, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must consider whether to grant a certificate of appealability. When the court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id.* at 484. If the petitioner meets that requirement, then he must show that reasonable jurists

would find it debatable whether the petition states a valid claim for denial of a constitutional right. *Id.* As previously explained, this petition is untimely. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage him to proceed further, a certificate of appealability must be denied.

CONCLUSION

For the reasons set forth above, the court **DISMISSES** this habeas corpus petition because it is untimely and **DENIES** a certificate of appealability.

**DATED:  December 15, 2011**            /s/RUDY LOZANO, Judge
                                         **United States District Court**